IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Beverly Thomas, | ) | C.A. No.:   8:09-1714-HFF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| BASF Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, complaining of the Defendant herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of Anderson, South Carolina.

II.

Defendant is a corporate entity organized and existing pursuant to the laws of one of

the states of the United States and which does business and owns property in Anderson,

South Carolina.

III.

In this matter, Plaintiff seeks a declaration that the Defendant has breached its

fiduciary duties pursuant to ERISA 29 U.S.C.S. §1104 and §1132(c) and Plaintiff seeks an

order of the Court compelling the Defendant to provide documents pursuant to ERISA 29

U.S.C.S. §1132(c) and imposition of the $110.00 per day penalty provided by the foregoing

statute.  Additionally, Plaintiff seeks attorney's fees and costs pursuant to ERISA 29 U.S.C.S.

§1132(g). This court has jurisdiction to hear this matter based upon a federal question.

IV.

Plaintiff's decedent, Tonnie Thomas, was a participant in a life insurance plan which is governed by ERISA and for which Defendant serves as administrator.

V.

Prior to the date of this Complaint, Plaintiff had certain questions regarding issues involving the terms of the above referenced plan and the Plaintiff, by and through her counsel, requested of the Defendant on at least two (2) occasions, in writing, to be provided the relevant plans pursuant to ERISA 29 U.S.C.S. §1132(c).  Defendant is the plan administrator of the above referenced plans and does have an obligation pursuant to ERISA 29 U.S.C.S. §1132(c) to provide the documents.

VI.

The Defendant received the Plaintiff's letters but has failed to provide the documents despite two (2) requests and Plaintiff's counsel's advice that Defendant had an obligation to provide the documents pursuant to ERISA or risked imposition of up to a $110.00 per day penalty and an award of attorney's fees and costs.

VII.

Despite the foregoing, the Defendant has failed and refused to provide complete plan documents and claim forms and without the plan documents and claim forms, the Plaintiff cannot address her concerns.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that the Court investigate the matters raised herein and declare that the Defendant, as plan administrator, had a duty to provide the documents which Plaintiff requested and that the Defendant breached that fiduciary duty, by not giving Plaintiff the documents he requested despite at least two (2) valid written requests.  Plaintiff respectfully requests that the Court compel the Defendant to immediately provide all documents which Plaintiff has requested, that the Court impose upon the Defendant a $110.00 per day penalty, pursuant to ERISA 29 U.S.C.S. §1132(c), for each day that the Defendant has failed to provide the documents since the first valid written request and that the Court award Plaintiff attorney's fees and costs pursuant to ERISA 29 U.S.C.S. §1132(g). Plaintiff also respectfully requests that the Court award Plaintiff such other and further relief as the Court deems appropriate pursuant to ERISA 29 U.S.C.S. §1001 *et. seq.*

**WHEREFORE**, having fully stated her claim against the Defendant, Plaintiff respectfully prays for the following relief: 1) for a declaration that the Defendant has breached its fiduciary duty by failing to provide plan documents after a valid written request; 2) that the Court impose upon the Defendant a penalty of $110.00 per day for each day that the Defendant has failed to respond to the Plaintiff's valid request for written plan documents pursuant to ERISA 29 U.S.C.S. §1132(c); 3) for an award of attorney's fees and costs incurred in having to tend to the matters raised herein and having to bring the matter *sub judice*; and 4) such other and further relief as the Court deems just and proper pursuant to ERISA 29 U.S.C.S. §1001 *et. seq.* including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

<u>s/ Robert E. Hoskins</u>
Robert E. Hoskins, Esq.
Federal Bar #:  5144
**FOSTER LAW FIRM, L.L.C.**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  rhoskins@erisaexperience.com

Date: <u>June 26, 2009</u>                    Attorneys for Plaintiff